IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Shawn Justin Burris, | ) | C/A No.: 1:15-1801-TMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Charleston County Detention Center; | ) | REPORT AND RECOMMENDATION |
| Carolina Center for Occupational | ) | |
| Health; Dr. Karen Huffman; and Dr. | ) | |
| Theodolph Jacobs, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se and in forma pauperis, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff sues Charleston County Detention Center ("CCDC") and Dr. Karen Huffman, Dr. Theodolph Jacobs, and the Carolina Center for Occupational Health (collectively "Medical Defendants"), alleging they were deliberately indifferent to his serious medical needs. [ECF No 1]. Medical Defendants filed a motion to dismiss on February 12, 2016,[1] and CCDC filed a motion for summary judgment on February 15, 2016. [ECF Nos. 32, 36]. As Plaintiff is proceeding pro se, the court entered orders pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of the motions and of the need for him to file adequate responses. [ECF Nos. 33, 37]. Plaintiff was specifically advised that if he failed to respond adequately, defendants' motions may be granted. *Id*. On March 16, 2016, and April 12, 2016, the undersigned extended Plaintiff's

---

[1] The undersigned issued an order advising the parties that the court intended to treat Medical Defendants' motion to dismiss as a motion for summary judgment. [ECF No. 34].

deadline, granting him until May 20, 2016, to respond to defendants' motions. [ECF Nos. 41, 45]. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* orders, Plaintiff failed to properly respond to the motions. On May 25, 2016, the court ordered Plaintiff to advise whether she wished to continue with the case by June 8, 2016. [ECF No. 49].

On June 1, 2016, Plaintiff filed a motion requesting an additional three weeks to respond to the motions [ECF No. 51], and the undersigned granted him to June 24, 2016 the file responses [ECF No. 52]. The undersigned advised Plaintiff "No further extensions will be granted as the parties have had ample time for briefing and further extensions will interfere with the court's internal reporting deadlines. Plaintiff is further advised that if he fails to respond, this action will be recommended for dismissal with prejudice for failure to prosecute." *Id*. Plaintiff has filed no response. As such, it appears to the court that she does not oppose the motions and wishes to abandon this action. Based on the foregoing, the undersigned recommends this action be dismissed with prejudice for failure to prosecute. *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

June 30, 2016
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).