IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Shawn Justin Burris, | ) | |
| | ) | C/A No. 1:15-1801-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Charleston County Detention Center, | ) | |
| Carolina Center for Occupational Health, | ) | |
| Dr. Karen Huffman, and | ) | |
| Dr. Theodolph Jacobs, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Shawn Justin Burris, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 54). Plaintiff was advised of his right to file objections to the Report. (ECF No. 54 at 3). However, Plaintiff has not filed any objections to the Report, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

The Fourth Circuit, in *Chandler Leasing Corp. v. Lopez*, set forth several factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility of the plaintiff;

(2) the amount of prejudice caused the defendant;

(3) the existence of a drawn out history of deliberately proceeding in

a dilatory fashion; and

(4) the existence of a sanction less drastic than dismissal.

669 F.2d 919, 920 (4th Cir. 1982) (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)). However, the Fourth Circuit later noted that *Chandler*'s factors are not rigid, as "the propriety of a dismissal . . . depends on the particular circumstances of the case." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). For instance, a magistrate judge's explicit warning that failure to obey court orders will result in dismissal of a plaintiff's case may present a critical factor upon which to predicate dismissal. *Id.* at 95–96.

Here, the magistrate judge granted Plaintiff several extensions of time to file his response to Defendants' motions for summary judgement (ECF Nos. 32; 36). Additionally, the magistrate judge specifically warned Plaintiff that continued failure to respond to Defendants' motions would result in a recommendation of dismissal to this court. (ECF No. 52). Notwithstanding the magistrate judge's admonition, Plaintiff has not responded. Plaintiff is proceeding pro se, and therefore, he is personally responsible for failing to file a response. Further, because Plaintiff has already failed to respond numerous times, sanctions less drastic than dismissal will be ineffective.

Therefore, after a thorough review of the record in this case, the court adopts the Report (ECF No. 54) and incorporates it herein.  Accordingly, this action is **DISMISSED** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982). *See Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)*; see also Ballard v. Carlson*, 882 F.2d 93, 95–96 (4th Cir. 1989).  Defendants' pending motions (ECF Nos. 32 and 36) are **DENIED as moot.**

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

July 22, 2016
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.